Jin v. Holder

BIA
Balasquide, IJ
A089 908 374

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand thirteen.

PRESENT:

> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

CHENG JIN,
         *Petitioner,*

         v.                                        12-24
                                                   NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Christina J. Martin, Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Cheng Jin, a native and citizen of the People's Republic of China, seeks review of a December 21, 2011 decision of the BIA affirming the March 15, 2010 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cheng Jin*, No. A089 908 374 (B.I.A. Dec. 21, 2011), *aff'g* No. A089 908 374 (Immig. Ct. N.Y. City Mar. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications such as Jin's, which are governed by the

amendments to the Immigration and Nationality Act made by the REAL ID Act of 2005, the agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). We find that the agency's adverse credibility finding is supported by substantial evidence.

The agency determined that Jin's testimony was incredible because he testified that he was beaten and detained for assisting a woman who was fleeing from military officers, but his asylum applications omitted those material facts. Jin argues that the agency erred in finding him incredible based on those omissions because "he never attempted to establish past persecution." However, Jin explicitly alleged past persecution by testifying that he "suffered [the Chinese government's] persecution" for "expos[ing] the[ir] corruption." Moreover, contrary to his contention, the agency reasonably relied on Jin's omissions in finding him incredible because they go to the heart of his fear of future persecution. *Xiu Xia Lin*, 534 F.3d at 167.

Jin also contends that his explanation for the omissions – he thought the incident was unimportant given his family's history of more severe persecution – was improperly rejected by the agency. However, Jin's explanations were insufficient to compel a reasonable adjudicator to credit his testimony because the agency reasonably could have expected him to include an account of his past harm in his applications precisely because of that history. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007)*; see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Jin further contends that the agency improperly based its adverse credibility finding on non-dramatic inconsistencies without putting him on notice of them and giving him an opportunity to reconcile his testimony. Jin's argument is misplaced, however, because during his hearing, he was provided an opportunity to explain the omissions and the IJ was under no obligation to allow him to explain the inconsistencies between his asylum applications and his testimony because they were material and obvious. *Majidi*, 430 F.3d at 81.

Finally, because the submission was untimely, the IJ was not required to admit the letter he proffered from a friend in China with regard to the awareness of the Chinese government of Jin's political activities in the United States. *See* U.S. Department of Justice, Executive Office for Immigration Review, Immigration Court Practice Manual, Chapter 3.1(d)(ii); *see also Dedji v. Mukasey,* 525 F.3d 187, 191 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk